1
2
3
4
5                    **UNITED STATES DISTRICT COURT**
6                         **DISTRICT OF NEVADA**
7
8    NATHANIEL J. WILLIAMS,                    )
                                               )
9                        Plaintiff,            )     Case No. 2:12-cv-00194-KJD-GWF
                                               )
10   vs.                                       )     **ORDER AND REPORT AND**
                                               )     **RECOMMENDATION**
11                                             )
     OFFICER YANNIS, et al.,                   )     Application to Proceed in
12                                             )     Forma Pauperis (#1) and
                         Defendants.           )     Screening of Complaint
13   _____       )

14          This matter comes before the Court on Plaintiff's Application to Proceed in Forma Pauperis

15   (#1), filed on February 6, 2012.

16                               **BACKGROUND**

17          Plaintiff alleges a violation of his civil rights by Officer Yannis, Officer Madison, and

18   Attorney John Parris.  On June 17, 2011, Plaintiff claims that he was walking down a street with

19   his fiancé when Officer Yannis preformed a random stop and unlawfully searched and seized

20   Plaintiff's backpack.  Plaintiff alleges that the officer then handcuffed Plaintiff and asked him

21   where all the stuff came from.  Plaintiff claims that he responded "I don't know, I just got it from

22   Starbucks."  Plaintiff alleges that Officer Yannis then split him and his girlfriend up and fabricated

23   a story creating probable cause.   Plaintiff also alleges Officer Yannis and Officer Madison coerced

24   a confession and committed perjury while on the stand.

25          Plaintiff further alleges that Officers Yannis and Madison agreed to recommend to the

26   district attorney no habitual offender treatment and only one felony charge if Plaintiff cooperated

27   and admitted to driving a white Plymouth and other facts.   Plaintiff claims that after he fully

28   cooperated, he was charged with fifteen felonies.  Plaintiff further alleges that Officer Madison

showed Plaintiff's fiancé his jail phone calls, took her out to lunch and dinner, sexually harassed her, stalked her and propositioned her.  Plaintiff alleges that Officer Madison's conduct caused his fiancé to have a miscarriage.  Plaintiff alleges he has PTSD, bipolar and anxiety, all of which cripple him mentally.  Plaintiff claims that he cannot sleep and has nightmares of his baby crying. Plaintiff also alleges that his trial attorney, John Parris, failed to effectively represent him.  Plaintiff states that he told Mr. Parris the entire story and provided evidence to support his claims, but Mr. Parris did not investigate any leads, call any witnesses, file any motions, or gather any evidence in support of Plaintiff's case.

Plaintiff requests that his property be returned to him, that he be released from unlawful restraint and that all criminal charges be dismissed.  Plaintiff further requests that charges be brought against the officers and his attorney for their conduct.  Plaintiff also requests $1 million in punitive damages, $5 million in mental suffering compensation, and $100,000 in monetary damages.

## DISCUSSION

### I.    Application to Proceed In Forma Pauperis

Plaintiff filed this instant action and attached a financial affidavit to his application and complaint as required by 28 U.S.C. § 1915(a).  Reviewing William's financial affidavit pursuant to 28 U.S.C. § 1915, the Court finds that Plaintiff is unable to pre-pay the filing fee. As a result, Plaintiff's request to proceed in forma pauperis in federal court is granted.

### II.    Screening the Complaint

Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915A(b)(1),(2).

In addition to the screening requirements under § 1915A, pursuant to the PLRA, a federal court must dismiss a prisoner's claims, "if the allegation of poverty is untrue," or if the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary

1  relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).  Dismissal of

2  a complaint for failure to state a claim upon which relief may be granted is provided for in Federal

3  Rule of Civil Procedure 12(b)(6), and the Court applies the same standard under Section 1915(e)(2)

4  when reviewing the adequacy of a complaint or amended complaint.

5  Review under Fed. R. Civ. P. 12(b)(6) is essentially a ruling on a question of law. *See*

6  *Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000).  Dismissal for failure

7  to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support

8  of the claim that would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th

9  Cir. 1999).  In making this determination, the Court takes as true all allegations of material fact

10  stated in the complaint, and the Court construes them in the light most favorable to the plaintiff.

11  *See Warshaw v. Xoma Corp*., 74 F.3d 955, 957 (9th Cir. 1996).  Allegations in a *pro se* complaint

12  are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*,

13  449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (*per curiam*).  While the

14  standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide

15  more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly,* 127 S.Ct. 1955, 1964-

16  1965 (2007).  A formulaic recitation of the elements of a cause of action is insufficient. *Id., See*

17  *Papasan v. Allain,* 478 U.S. 265, 286 (1986).

18  All or part of a complaint filed by a prisoner may therefore be dismissed *sua sponte* if the

19  prisoner's claims lack an arguable basis either in law or in fact.  This includes claims based on legal

20  conclusions that are untenable (*e.g.* claims against defendants who are immune from suit or claims

21  of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful

22  factual allegations (*e.g.* fantastic or delusional scenarios). *See Neitzke v. Williams*, 490 U.S. 319,

23  327-28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

24  **III.  Instant Complaint**

25  Plaintiff alleges claims of illegal search and seizure, due process, and ineffective assistance

26  of counsel.  Each of these claims appear to be inextricably intertwined with Plaintiff's state court

27  case and appear to be an appeal of his state court conviction.  United States District Courts do not

28  have jurisdiction to hear appeals from state trial court rulings. *See, e.g., Rooker v. Fidelity Trust*

3

*Co.*, 263 U.S. 413 (1923); *Bianchi v. Rylaarsdam*, 334 F.3d 895, 898 (9th Cir.2003).  The

Rooker–Feldman doctrine prevents the Court from considering claims that amount to a review of

the state court's ruling.  The Rooker–Feldman doctrine stems from two cases recognizing that

under Article III of the Constitution Congress controls the jurisdiction of the "inferior Courts" it

creates.  *See* U.S. Const. art. III, § 1.  In both of those cases, parties who had lost in state court

attempted to invoke the jurisdiction of the United States District Court to appeal the state-court

rulings.  In both cases, the federal statutes applicable at the respective times did not give the United

States District Court appellate jurisdiction over the respective controversies.  *See D.C. Ct.App. v.*

*Feldman*, 460 U.S. 462, 476–79 (1983) (holding that denial of admission to practice law was a

judicial matter, not an administrative one, making any federal jurisdiction appellate, not original,

and therefore the avenue for review of a ruling of the D.C. Court of Appeals was not to the United

States District Court, but to the United States Supreme Court); *Rooker v. Fidelity Trust Co.*, 263

U.S. 413, 415–16 (1923) (holding that under the statutes in place at the time, an appeal from the

Indiana Supreme Court could be taken only to the United States Supreme Court, not to the United

States District Court, because the jurisdiction of the latter court was strictly original).  Even

assuming that Congress could create appellate jurisdiction over state-court rulings in the United

States District Court, it has not done so.

Plaintiff brings the case under § 1983, but this Court has no statutory jurisdiction to

entertain *de facto* appeals of state trial court rulings any more than it has jurisdiction to entertain

formal appeals of such rulings.  *See, e.g., Reusser v. Wachovia Bank, N.A.*, 525 F.3d 855, 860 (9th

Cir. 2008).  The issue here (whether Plaintiff's conviction was proper if the police violated his

Fourth Amendment rights) must be litigated through the state courts because the issue is

"inextricably intertwined" with the state-court decision.  *See Feldman*, 460 U.S. at 483 n. 16

(stating "If the constitutional claims presented to a United States District Court are inextricably

intertwined with the state court's denial in a judicial proceeding of a particular plaintiff's

application for admission to the state bar, then the District Court is in essence being called upon to

review the state court decision.  This the District Court may not do.");  *Reusser*, 525 F.3d at 859.

Plaintiff's § 1983 action cannot be used to collaterally attach a criminal conviction unless the

conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus. *See Heck v.. Humphrey*, 512 U.S. 477, 484 (1994). Plaintiff has failed to indicate that his conviction was reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus. The Court therefore finds that Plaintiff failed to state a claim upon which relief can be granted.

Plaintiff's claim against John Parris must also be dismissed because Mr. Parris was not acting under color of state law. To have a claim under § 1983, a plaintiff must plead that the named defendant (1) acted "under color of state law" and (2) "deprived the plaintiff of rights secured by the Constitution or federal statutes." *Gibson v. U.S.*, 781 F.2d 1334, 1338 (9th Cir. 1986); *see also West v. Atkins*, 487 U.S. 42, 48 (1988); *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006). Plaintiff fails to indicate whether Mr. Parris was a public defender appointed to represent him or if Mr. Parris was a private attorney retained to represent him. In either case, however, Mr. Parris, acting in his capacity as an attorney, was not acting under the color of state law. *See Georgia v. McCollum*, 505 U.S. 42, 53 (1992) (public defenders acting in their role as advocate are not acting under color of state law); *see also Simmons v. Sacramento County Superior Court*, 318 F.3d 1156, 1161 (9th Cir. 2003) (a lawyer in private practice does not act under color of state law). Plaintiff therefore fails to state a claim upon which relief can be granted against Mr. Parris.

As it appears amendment to this complaint would be futile, the Court will recommend Plaintiff's complaint be dismissed with prejudice. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Application to Proceed In Forma Pauperis is **granted**. Plaintiff shall not be required to pay an initial partial filing fee. However, even if this action is dismissed, the full filing fee must still be paid pursuant to 28 U.S.C. § 1915(b)(2).

**IT IS FURTHER ORDERED** that the movant herein is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of security therefor. This Order granting leave to proceed in forma pauperis shall not extend to the

5

issuance of subpoenas at government expense.

**IT IS FURTHER ORDERED** that, pursuant to 28 U.S.C. § 1915(b)(2), the Accounting and Finance Department for the Clark County Detention Center shall pay to the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits to Plaintiff's account (inmate #432533), in the months that the account exceeds $10.00, until the full $350 filing fee has been paid for this action.  The Clerk of the Court shall send a copy of this Order to the Finance Division of the Clerk's Office.  The Clerk shall also send a copy of this Order to the attention of the Accounting and Finance Department for the Clark County Detention Center, 330 South Casino Center, Las Vegas, Nevada 89101.

## RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that Plaintiff's Complaint is **dismissed** with prejudice for failure to state a claim upon which relief can be granted.

## NOTICE

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days.  The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time.  *Thomas v. Arn,* 474 U.S. 140, 142 (1985).  This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court.  *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED this 19th day of March, 2012.

GEORGE FOLEY, JR.
United States Magistrate Judge